

MARSHALL T. KIZNER
DIRECT DIAL NUMBER
609-219-7449
DIRECT FAX NUMBER
609-895-7395
E-MAIL
mkizner@stark-stark.com

June 25, 2025

***VIA ECF AND EMAIL***
Hon. Jerrold N. Poslusny, Jr.
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Courtroom 4C
Camden, NJ 08101

**Re:    In re: Daryl Fred Heller**
**Case No. 25-11354 (JNP)**

**Re:    Heller et al v. Prestige Fund A, LLC et al.**
**Adv. Pro. No. 25-1128 (JNP)**

**Re:    Heller et al v. Reliance Platinum d/b/a Reliance Financial, et al.**
**Adv. Pro. No. 25-1117 (JNP)**

Dear Judge Poslusny:

Stark & Stark, P.C. is counsel to the Prestige Funds ("Prestige"). My office requested a status conference on the pending Motion to Appoint a Chapter 11 Trustee [ECF No. 265], which will be decided through an evidentiary hearing. Your Honor granted that request and scheduled the status conference for 11:00 a.m. tomorrow, June 26th. The Court also carried the status conferences in the two above-referenced adversary proceedings to tomorrow at the same time. Since my office requested a status conference on the Motion to Appoint a Chapter 11 Trustee, I am submitting the following agenda for discussion:

1. **Witnesses and Discovery for Evidentiary Hearing (Case No. 25-11354)**

    a. *Heller's Exercise of Fifth Amendment Rights is a Threshold Issue the Court Should Address*

The key consideration for the Court in deciding whether to appoint a Chapter 11 trustee is whether there is cause under 11 U.S.C. § 1104. "Cause," includes fraud, dishonesty, incompetence, or mismanagement by the debtor's management, or if the appointment is in the best interests of creditors and the estate.

In short, the spotlight shines heavily on the Debtor. To date, the Debtor has not testified in this case and has resisted every effort of Prestige to obtain documents. This is despite Debtor's

insistence that he is an "open book" and his representations during the 341(a) that he would sit for an appropriate 2004. See 341(a) Tr. 77:18-20; 83:1-3; 94:17-19 and 117:19-21. When forced to provide *any* substantive information after the 341, Debtor has sought to quash or asserted his fifth amendment right to avoid incrimination.

Debtor is allowed to assert his fifth amendment right.[1] But Prestige and other creditors are entitled to know if Debtor will in fact plead the fifth in connection with the evidentiary hearing. If so, Prestige and other creditors are going to request that the Court apply an adverse inference. Applying an adverse inference will likely result in *significantly truncating the proofs* presented to the Court at the evidentiary hearing.

Thus, the Court should issue a scheduling order that allows Prestige and other creditors to issue a subpoena for documents and testimony to the Debtor. After the Debtor complies with the subpoena, we will be in position to discuss further scheduling with the parties and, if need be, the Court.

### b. *Debtor's Attempt to Seek Documents and Testimony from Prestige's Fund Managers and Third Parties Should be Stayed pending Determination of Threshold Issue*

To attempt to protract discovery on the evidentiary hearing, Debtors have served four excessive and improper Rule 2004 examination subpoenas on Prestige's representatives. This is a transparent attempt to try to bog down the scheduling of the evidentiary hearing with needless discovery. Prestige may not need to present *any* representatives at the evidentiary hearing. The witness list at the evidentiary hearing may be significantly limited if Heller pleads the fifth. Rather than being forced to file additional motions to quash, it is in the best interest of the estate and creditors to address the threshold issue first and *enter an order staying* what may be needless discovery and motion practice on four improper subpoenas. This relief comports with the general powers of the court to ensure cases are "handled expeditiously and economically." 11 U.S.C. § 105(d)(2).

### c. *Potential Inadvertent Disclosure of Attorney-Client Communication*

One of the four subpoenas Heller served on Prestige may include information that was inadvertently disclosed under RPC 4.4. This disclosure raises several issues including whether the information contained in the subpoena is an attorney-client communication. If so, was the privilege waived. If not, does the crime fraud exception apply. This is an important issue that the Court should address, in camera, before Prestige is forced to move to quash (in the event a stay is not implemented by the Court, as requested, *supra*). I would like to discuss how the Court wishes to proceed on review of this issue.

---

[1] Pleading the fifth is also understandable since he is the target of an FBI investigation regarding, *inter alia*, defrauding creditors out of hundreds of millions of dollars.



### 2. Heller et al v. Prestige Fund A, LLC et al., Adv. Pro. No. 25-1128 (JNP)

This is the matter Prestige filed pre-petition in Pennsylvania state court asserting fraud and fraudulent transfers committed by the Debtor, which forms the basis for Prestige's $540,000,000 in collective claims. Debtor removed this action to the Bankruptcy Court shortly after he filed his case.

Debtor filed an Answer and Counterclaim on June 20th. Co-defendant, Heller Capital, filed an Answer on June 23rd.

Prestige requests that the Court fix the date to respond to the Answer and Counterclaim to July 21 and schedule a status conference shortly thereafter.

### 3. Heller et al v. Reliance Platinum d/b/a Reliance Financial, et al., Adv. Pro. No. 25-1117 (JNP)

This is a state court matter that originated in Florida. Debtor, without Prestige's approval, answered the complaint in Florida on his behalf and on behalf of Prestige. [ECF No. 4-2]. Debtor then removed the case to this Court. It is unclear if Plaintiff, a merchant cash advance company, is taking a position in this lawsuit.

Prestige's suggestion is that the Court issue an Order to Show Cause directed to Plaintiff, Reliance Platinum, seeking dismissal, with prejudice, for lack of prosecution under FRCP 41(b), applicable through FRCP 7041.

Thank you for your courtesies and cooperation.

Respectfully,

STARK & STARK
A Professional Corporation

BY: /s/ *Marshall T. Kizner*
     MARSHALL T. KIZNER, ESQ.

MTK/cc
cc: All Parties (Via ECF)